UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

DANIEL DANTE McMORRIS,             CIVIL ACTION NO. 1:19-CV-291-P
Petitioner

VERSUS                             JUDGE DEE D. DRELL

WARDEN,                            MAGISTRATE JUDGE PEREZ-MONTES
Respondent

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. §
2241 filed by pro se Petitioner Daniel Dante McMorris ("McMorris") (#39422-044).
McMorris is an inmate in the custody of the Federal Bureau of Prisons ("BOP"),
incarcerated at the Federal Correctional Institution in Pollock, Louisiana. McMorris
challenges the calculation of his sentence by the BOP.

Because McMorris has been afforded all the credit to which he is entitled, his
Petition (Doc. 1) should be DENIED and DISMISSED WITH PREJUDICE.

## I.   Background

McMorris was arrested by police in St. Louis County, Missouri on October 8,
2011, for unlawful use of a weapon, possession of a firearm by a felon, and child
endangerment. (Doc. 1-3, p. 2). He was released on bond the same day. (Doc. 1-3, p.
2). On October 26, 2011, McMorris was arrested for aggravated stalking, and
remained in custody. (Doc. 1-3, p. 2).

On April 3, 3012, McMorris was temporarily transferred to the United States
Marshals Service pursuant to a writ of habeas corpus ad prosequendum. (Doc. 1-2,

p. 2; No. 4:12-cr-104, E.D. Mo., Docs. 3, 4).  McMorris pleaded guilty in the United States District Court for the Eastern District of Missouri to possession of a firearm by a convicted felon and tampering with a witness, victim, or informant.  (No. 4:12-cr-104, E.D. Mo., Doc. 44).  On November 19, 2012, McMorris was sentenced to a term of 100 years of imprisonment on each count, to run concurrently with one another.  (No. 4:12-cr-104, E.D. Mo., Doc. 53).  Following sentencing, McMorris was returned to state custody.  (Doc. 1-3, p. 2).

On February 1, 2013, McMorris was sentenced to a four-year term of imprisonment for aggravated stalking.  (Doc. 1-3, p. 2).  Shortly thereafter, McMorris's parole was revoked in a prior criminal case.  (Doc. 1-3, p. 2).  McMorris was released on parole to the BOP for commencement of the federal sentence on October 25, 2013.  (Doc. 1-3, p. 2).

Although the BOP initially determined that McMorris's sentence commenced the date he was received in federal custody—October 23, 2015—McMorris sought additional credit through the administrative remedy process, and his request was granted.  The BOP contacted the sentencing judge, who advised that he intended for McMorris's federal sentence to run concurrent to McMorris's future state sentence.  (Doc. 1-3, p. 3).  The BOP then adjusted the commencement date of McMorris's sentence to the date it was imposed—November 19, 2012.  (Doc. 1-3, p. 3).

McMorris now seeks credit for time spent in custody prior to the imposition of his federal sentence, from October 26, 2011 to November 19, 2012.  (Doc. 1, p. 6).

II.    <u>Law and Analysis</u>

The authority to grant or deny credit for time served is specifically reserved to the U.S. Attorney General, who has delegated that responsibility to the BOP. <u>See</u> <u>U.S. v. Wilson</u>, 503 U.S. 329 (1992). Even though the BOP determined the federal and state sentences are concurrent, the earliest date a federal sentence may commence to run is the date it is imposed.  <u>See</u> <u>United States v. Flores</u>, 616 F. 2d 840, 841 (5th Cir. 1980).  Therefore, the BOP determined that McMorris's sentence commenced on the earliest date possible—the date of imposition.   McMorris received credit for all time served from that date.

McMorris seeks credit toward his federal sentence for time spent in custody prior to the date his federal sentence commenced—specifically, from October 26, 2011 to November 19, 2012.  Under 18 U.S.C. § 3585(b):

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
> (1)    as a result of the offense for which the sentence was imposed; or
> (2)    as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> *that has not been credited against another sentence.*

18 U.S.C. § 3585(b) (emphasis added).  Thus, § 3585(b) prohibits the application of time served prior to the commencement of a federal sentence toward that sentence if it has been credited against another sentence.

The time period from October 26, 2011 to November 19, 2012 was credited toward McMorris's state sentence for a parole violation.  Therefore, McMorris cannot also receive credit for that time on his federal sentence.

## III.  <u>Conclusion</u>

Because McMorris has been afforded all the sentencing credit to which he is entitled, his Petition (Doc. 1) should be DENIED and DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy thereof.  No other briefs (such as supplemental objections, reply briefs, etc.) may be filed.  Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this <u>11th</u> day of April, 2019.

Joseph H.L. Perez-Montes
United States Magistrate Judge